JEFFERSON.
December 1816
Crutchfield
v.
Carman.

## JEFFERSON COUNTY—DECEMBER TERM, 1816.

PRESENT—TAPPAN, *President;* ANDERSON AND M'ELROY, *Associates.*

## CRUTCHFIELD vs. CARMAN.

A plea *puis darrein continuance*, is receivable at the discretion of the court.
If in abatement, it must be verified by affidavit.

PLEA—*Puis darrein continuance.*

The case is fully stated in the opinion of the court now delivered by the

PRESIDENT.—This cause came before this court by appeal from a justice of the peace, at the July term, 1815, at which term a rule for a plea in sixty days was taken upon the defendant: on the 26th Dec., 1815, an office judgment was signed by the plaintiff's counsel, for default of a plea: at the Dec. term, 1815, the defendant moved for and obtained leave to plead *puis darrein continuance:* a plea in bar was filed accordingly. The motion now before the court, and to be decided, is a motion by the plaintiff to affirm the office judgment: and it is urged, in support of the motion, that every plea *puis darrein continuance,* must be verified by affidavit before it can be received: that the defendant's plea, not being so verified, cannot be considered as a plea: and that the plaintiff is, therefore, entitled to an affirmation of the office judgment. In support of the motion, 2d Esp. N. P. 577, Gold's edit., and 2d Tidd., 777, have been read.

For the defendant, it is urged, that this plea, having been submitted to the court at the December term, and having been filed by special leave of the court, cannot now be objected to.

The leave granted by the court, at the December term, may with propriety be considered as a conditional setting aside the office judgment, so that if a legal and proper plea, *puis darrein continuance,* has been put in, the office judgment has been, in effect, set aside; if, on the other hand, the defendant has not availed himself of the leave given, in due season and in due form, the office judgment

must be considered as in force, and ought now to be affirmed. The only question, then, on this motion, is, whether a plea, *puis darrein continuance*, must be verified by affidavit? I have examined the authorities cited by the plaintiff's counsel, and also 2d Wils. 137, and 3d Ter. R. 554; from these it is very clear, that in England all pleas *puis darrein continuance*, must be verified by affidavit; but it appears that this is required by the 4th and 5th Anne, ch. 16, which statute requires every *dilatory* plea to be verified by affidavit; before the passage of this statute, the law in England did not require such plea to be so verified. The cases on this subject are, 3d Dyer, 361, a. Cro. Eliz. 49, 2d Salk. 519, Nelson's Lutwyche 369, and Cro. Jac. 261. The last mentioned case is that of Hawkins vs. Moor—" ejectment : the defendant pleaded not guilty, and at Nisi Prius pleaded 'that the plaintiff *puis darrein continuance*, entered into a close parcel of the premises, and him expelled.' Yelverton, before the plea was made, moved the justices, at Sergeant's Inn in Fleet street, whether this plea were receivable, and they all held that it was; for it is matter in fait, and peremptory to him who pleads it. And, although it was objected, that thereby all trials may be stayed, yet it was said that, as a release or matter of bar may be pleaded, and is receivable, so may this plea, at the discretion of the justices, if they perceive any verity therein."

By the authority read from Espinasse, it would seem that the law of the state of New York is similar to the statute of Anne; but this is a mistake of the editor of that work; for it appears, by the case of Bancker vs. Ash, 9th John. 250, that the law of New York is like the law of this state, requiring only pleas in abatement to be verified by affidavit.

Our statute law, requiring " every plea in *abatement*, other than pleas to the jurisdiction of the court," to be verified by affidavit, does not reach this case; all pleas *puis darrein continuance*, are dilatory and within the statute of Anne; but they must be pleas in abatement to be within our statute. The plea filed in this case, is a plea in bar, receivable at the discretion of the court. The motion is, therefore, overruled.